Christopher J. Reichman SBN 250485
PRATO & REICHMAN, APC
3675 Ruffin Road, Suite 220
San Diego, CA 92123
Telephone: 619-683-7971
Email: chrisr@prato-reichman.com

Attorney for Plaintiff
PAUL SAPAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| PAUL SAPAN,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>CRYSTAL LENDING GROUP INC. a California Corporation, CHRISTOPHER JAMES CRICKS, an individual,<br><br>　　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991** |

COMES NOW Plaintiff PAUL SAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

/ / /

/ / /

- 1 -
Complaint

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff is, and at all times herein mentioned was, a resident of the County of Los Angeles.

2. Defendant CRYSTAL LENDING GROUP, INC. ("CRYSTAL LENDING GROUP") is, and at all times herein mentioned was, a California corporation, located in Newport Beach doing business in the County of Orange, State of California.

3. Defendant Christopher James Cricks is, and at all times herein mentioned was, doing business in the County of Orange, State of California.

4. This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq.  The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012).  The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

## FACTUAL SUMMARY

6. Defendants made six (6) live calls to PAUL SAPAN's home phone number (310-444-1999) wherein they tried to pitch refinancing my mortgage on the following dates and times and using the following Caller ID ("CID") numbers and Caller ID name ("CNAM"):

- November 19, 2020 at 12:39 pm, CID 267-828-8080 ("Dynamic Lead Tr")
- December 1, 2020 at 9:33 am, CID 267-828-8080

Complaint

- December 4, 2020 at 2:37 pm, CID 267-828-8080
- December 4, 2020 at 2:38 pm, CID 267-828-8080
- December 4, 2020 at 3:09 pm, CID 949-355-3599
- December 4, 2020 at 3:10 pm, CID 949-355-3599

7. Mr. Sapan made a log of all the calls he received from CRYSTAL LENDING GROUP during or shortly after receiving the calls which includes the date and time of the call as well as brief notes about what happened during the calls.

8. This call log is attached to this Complaint as Exhibit 1, and is incorporated herewith.

9. Mr. Sapan's residential line has been tariffed as a residential line since he was assigned it by the phone company more than ten (10) years ago.

10. Mr. Sapan registered his residential line on the National "Do-Not-Call" Registry on December 22, 2007 and Mr. Sapan has kept his residential line on the Registry from that time to the present.

11. While each of the calls complained of above used the Caller ID number, all but the first call failed to transmit Caller ID name information as required by law. 47 C.F.R. § 64.1601(e).

12. Mr. Sapan never gave any CRYSTAL LENDING GROUPY or any other person, agent, employee or entity associated with CRYSTAL LENDING GROUPY express written permission to call him, nor does he have an established business relationship nor personal relationship with CRYSTAL LENDING GROUPY or any other person, agent, employee or entity associated with CRYSTAL LENDING GROUPY.

**Call Details and/or Example Calls Detailed**

13. On or about November 19, 2020, Mr. Sapan was called by CID 267-828-8080, however no one on the caller's side ever came on the line and there was no conversation even though the call duration was three (3) minutes.

14. On December 1, 2020, Mr. Sapan received another call from the same CID, but Mr. Sapan was busy and did not answer it.

15. On December 4, 2020, at 2:38 pm, Mr. Sapan then received a third call from the CID 267-828-8080 in which he answered but there was nobody on the line.

16. Shortly thereafter on December 4, 2020, at 3:09 pm, he received a fourth call from the same CID number and the caller at first introduced himself as "Mike with American Financial" and said he was calling regarding refinancing Mr. Sapan's mortgage.

17. Since there is no company called just "American Financial" and Mr. Sapan knew that junk telemarketers constantly use vague and generic faked company names to introduce their pitches in order to evade detection and liability for illegal calling, Mr. Sapan decided to play along to determine who this really was.

18. Mr. Sapan said he might be interested and "Mike with American Financial" tried to bring on his "advisor" to make the sale, but then said the "advisor" was busy but he would call Mr. Sapan back to which Mr. Sapan did not consent to and the call was dropped.

19. On the same day, at 3:10pm, Mr. Sapan was called by CID 949-355-3599.

20. Mr. Sapan answered and spoke with "Mike from Crystal Lending Group" and who said he was the one "Mike with American Financial" had tried to transfer the call to but it did not go through.

21. Now that the caller had identified an actual realcompany, Mr. Sapan informed them he was not interested and ended the call

- 4 -
Complaint

22. He was call again by CID 949-355-3599 shortly after the call which went unanswered.

**Case Background and Direct Owner/Broker Liability Allegations**

23. Mr. Sapan pleads on information and belief that for all calls he did not answer, Defendants called him in order to pitch their mortgage refinancing consultation services.

24. Mr. Sapan alleges on information and belief that Defendants also transmitted the other calls, which went unanswered, in order to pitch their mortgage refinancing consultation services.

25. Defendant Crystal Lending Group, Inc. is a licensed mortgage brokerage by the California Department of Real Estate, license number 02071141.

26. That license specifies Defendant Christopher James Cricks as the broker responsible for the acts of all agents and employees of CRYSTAL LENDING GROUP.

27. The responsibility and liability of the broker is codified by California law, Business and Professions Code §10159.2 titled, "Securing full compliance with provisions; Responsibility of officer" and stating in pertinent part, "the officer designated by a corporate broker licensee pursuant to Section 10211 shall be responsible for the supervision and control of the activities conducted on behalf of the corporation by its officers and employees as necessary to secure full compliance with the provisions of this division, including the supervision of salespersons licensed to the corporation in the performance of acts for which a real estate license is required."

28. Attempting to sell mortgage refinancing consultation services over the phone is an act for which a real estate license is required,

29. Defendant Christopher James Cricks is the designated officer listed for CRYSTAL LENDING GROUP in its California Department of Real Estate License.

30. Defendant Christopher James Cricks is the sole officer listed for CRYSTAL LENDING GROUP in its filing documents with the California Secretary of State. (Cal. SOS License 4169458).

31. Defendant Christopher James Cricks in his own words on his owned LinkedIn profile as it appeared on November 19, 2024 stated that he is the "Founder" of Crystal Lending Group, Inc., and the LinkedIn profile for Crystal Lending Group, Inc. lists no other officers. (available at https://www.linkedin.com/company/crystal-lending-group-inc).

32. Plaintiff alleges on information and belief that Defendant Christopher James Cricks is the only person at CRYSTAL LENDING GROUP with the authority to make the calls to Plaintiff, order them to be made, or have the authority to contract a "lead agent" to make calls with apparent authority to act as Crystal Lending Group, Inc. or on its behalf.

33. Plaintiff alleges on information and belief that Defendant Christopher James Cricks ordered the violative calls to be made, knew the calls described above were being made and did nothing, or was willfully and recklessly ignorant of the fact his company was making the calls described above or contracting for them to be made.

34. Mr. Sapan has been harmed by the junk calls complained of herein by the direct waste of his time during the calls themselves, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

35.     During at least one of the calls at issue Mr. Sapan wanted to make an outgoing call at the same time and was not able to do so, being involuntarily disposed of the use of his phone by Defendants' illegal calls.

# FIRST CAUSE OF ACTION

[TCPA Violation – Do Not Call List – For All 6 Calls]

36.     Plaintiff realleges all paragraphs above and incorporates them herein by reference.

37.     Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

38.     Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

39.     At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

40.     Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff.  37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

41. Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder. Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both. If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

On the FIRST CAUSE OF ACTION:
1. For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c) (2);
2. For an award of $1,500.00 for each such violation found to have been willful;

On ALL CAUSES OF ACTION:
3. For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.
4. For costs of suit herein incurred; and
5. For such further relief as the Court deems proper.

DATED: November 19, 2024                    **PRATO & REICHMAN, APC**

/s/Christopher J. Reichman, Esq.
By: Christopher J. Reichman, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff
PAUL SAPAN